| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:05-cr-0088 (TWP/KPF) |
| ) | |
| ANTHONY VAUGHN, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, Judge, on September 13, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on August 17, 2011, and to submit to Judge Pratt proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on November 21, 2011, December 6, 2011, and December 20, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 21, 2011, Mr. Vaughn appeared in person with his appointed counsel, William Marsh, the Indiana Federal Community Defender. The government appeared by Steve DeBrota, Assistant United States Attorney, for Brad Blackington, Assistant United States Attorney.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. Section 3401(e).

U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Vaughn in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Vaughn and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Vaughn was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Vaughn was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Vaughn was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Vaughn had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation.

7. Mr. Marsh stated that Mr. Vaughn would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Vaughn executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Vaughn, by counsel, stipulated that he committed specification numbered 1, and as to specification numbered 2, in part. The government moved to dismiss portions of specification numbered 2, and the Court granted the same.

Counsel for the parties further stipulated to the following:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another federal, state or local crime."** |
| **2** | **"The defendant shall not unlawfully possess a controlled substance."** |

According to police records, on August 10, 2011, the Kalamazoo, Michigan, Valley Enforcement Team (KVET) executed a search warrant at 2004 S. Burdick Street in Kalamazoo, Michigan. The search warrant was based on a successful controlled buy of drugs from the residence on August 9, 2011. While searching the residence, approximately 1/4 pound of marijuana and packaging material were located. During the execution of the warrant, the defendant and six other occupants were found inside the residence. The marijuana and a digital scale had been found directly in front of the defendant, who was sitting at the kitchen table. During a search of the defendant's person, $40 of official KVET funds was located in his pocket which had been used in the controlled purchase on August 9, 2011.

He admitted the 1/4 pound of marijuana did belong to him and that he intended to sell it.

The defendant was arrested on a child support warrant and was taken to the Kalamazoo Jail. Investigators are seeking charges of Possession with Intent to Distribute Marijuana.

The defendant has since been released from custody.

The Court placed Mr. Vaughn under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Vaughn stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

9. The parties orally moved to continue the disposition hearing, and the same was granted. The defendant was remanded to the custody of the United States Marshal, pending further proceedings before the Court.

On December 6, 2011, the Court reviewed prior proceedings held November 21, 2011. Mr. Vaughn appeared in person, and by Juval Scott, Office of the Indiana Federal Community Defender. The government appeared by Nick Surmacz, Assistant United States Attorney, for Brad Blackington, Assistant United States Attorney; and Diane Asher, United States Parole and Probation officer, appeared and participated in the proceedings.

10. The defendant orally moved to continue the disposition hearing, and the same was granted.

On December 20, 2011, the Court reviewed prior proceedings held November 21, 2011 and December 6, 2011, including defendant's waiver of the preliminary hearing. Mr. Vaughn appeared in person, with his appointed counsel, William Marsh. The government appeared by Josh Minkler, Assistant United States Attorney, for Brad Blackington, Assistant United States Attorney; and Diane Asher, United States Parole and Probation officer, appeared and participated in the proceedings.

Counsel for the parties the parties further stipulated to the following:

1) Mr. Vaughn has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Vaughn constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Vaughn is 24-30 months.

4) The parties stipulated that the appropriate disposition for Mr. Vaughn's violations of his conditions of supervised release would be 18 months in the custody of the Attorney General, with two years of supervised release to follow.

The Court, having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Vaughn violated the specified conditions of supervised release as set forth in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 18 months. After service of his sentence, Mr. Vaughn shall be subject to supervised release for two years, under the same conditions imposed at sentencing.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Vaughn stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil*

*Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

**WHEREFORE**, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Vaughn's supervised release and the sentence imposed of imprisonment of 18 months in the custody of the Attorney General or his designee. After service of the sentence, the defendant will be subject to two years of supervised release, under the previous conditions imposed at sentencing.

**IT IS SO RECOMMENDED** this 21st day of December, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court


Distribution:

Brad Blackington,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

William Marsh,
Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service